FILED & JUDGMENT ENTERED

Steven T. Salata

Sep  03  2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### SHELBY DIVISION

IN RE:

**STEPHEN ROGER ODEL**                              **CASE NO. 12-40506**
                                                                          **( Chapter 7)**

       **Debtor.**

_____

**WAYNE SIGMON TRUSTEE IN
BANKRUPTCY FOR STEPHEN
ROGER ODEL**

       **Plaintiff**

**vs.**                                                              **ADVERSARY PROCEEDING
                                                                        NO.   13-04005**

**STEPHEN ROGER ODEL**

       **Defendant.**

_____

## ORDER DIRECTING TURNOVER OF DOCUMENTS

THIS CAUSE coming on to be heard and being heard before the undersigned Judge of
the United States Bankruptcy Court for the Western District of North Carolina, Shelby Division,
in open Court on August 29, 2014 upon the plaintiff's  Motion for Turnover of Documents and it
appearing to the Court that there has been adequate Notice and a Hearing of this matter as that
term is defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure.  Present at the
hearing were Wayne Sigmon, Trustee and attorney for the Trustee and the plaintiff, and Kelly
Calloway, attorney for the defendant.  From statements of counsel as well as the entire record, the

Court makes the following:

1.      On May 6, 2014 this Court entered an Order Authorizing Plaintiff to Amend
        Complaint to Deny Discharge, for Turnover of Documents, and for Turnover of
        Exposed Equity in Property (the "Order").

2.      Pursuant to the Order, the plaintiff filed and served upon the defendant an
        Amendment to Complaint, a copy of which was attached to the Motion.

3.      The defendant has failed to plead or otherwise respond to the amended complaint
        during the time period set forth in the Order.  The Trustee has filed a Motion for
        Entry of Default, Entry of Default, and Motion for Default Judgment.

4.      As set forth in paragraphs 3, 4, and 5 of the amended complaint, the defendant has
        not turned over to the plaintiff certain documents which are relevant and vital to
        the plaintiff's investigation and administration of this estate.  Therefore, the
        plaintiff requests that the Court enter an order directing the defendant to
        immediately turnover all of said documents.

5.      By letter to the attorney for the defendant dated March 20, 2014, the plaintiff
        requested turnover of the documents dealt with herein.  The plaintiff never
        received any response to the March 20, 2014 letter.

6.      The defendant should be directed to turnover to the plaintiff the following
        documents on or before September 19, 2014:

        (a)     copies of the defendant's 2012 and 2013 personal federal and state income
                tax returns and all attachments thereto; and

        (b)     copies of the 2013 federal and state income tax returns and all attachments
                thereto for Alliance Insurance Group of North Carolina, Inc.; and

        (c)     all documents related to any sale of the defendant's interest in Alliance
                Insurance Group of North Carolina, Inc.;

        (d)     the general ledger for Alliance Insurance Group of North Carolina, Inc.
                from and after May 1, 2013 to the date of this Order.

## CONCLUSIONS OF LAW

The defendant should be directed to turnover the documents set forth herein.

IT IS THEREFORE ORDERED that the defendant be and he hereby is, ordered and

directed  to turnover to plaintiff on or before September 19, 2014 all of the documents as set forth in Paragraph 6 above. IT IS FURTHER ORDERED that this matter be continued for further hearing in this Court in Shelby, North Carolina, on September 26, 2014 at 11:00 o'clock a.m. to determine whether or not the defendant has complied with this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court